UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH RIVERS,<br>      Plaintiff,<br>v.<br>UNIVERSITY OF SAN FRANCISCO,<br>      Defendant. | Case No. 19-cv-06609-JSC<br><br>**SECTION 1915 SCREENING OF COMPLAINT**<br>Re: Dkt. No. 1 |

Keith Rivers brings this action against the University of San Francisco (the "University"), for alleged employment discrimination pursuant to Title VII of the Civil Rights Act of 1964. (Dkt. No. 1.) Having granted Mr. Rivers' application to proceed in forma pauperis, (*see* Dkt. No. 5), the Court now screens the complaint pursuant to 28 U.S.C. § 1915 and concludes that the complaint is deficient for the reasons stated below.

## COMPLAINT ALLEGATIONS

Mr. Rivers' "Employment Discrimination Complaint" alleges that he was subject to adverse employment actions because of his race and sex. (Dkt. No. 1 at 1-2 ¶¶ 4-5.) The form complaint itself includes no factual allegations and instead references an attachment that includes "General Facts." (*See id.* at 2 ¶ 6; *see also id.* at 5.) Mr. Rivers became an employee of the University "[i]n or around September 2018." (*Id.* at 5.) He "was elected to the position of Graduate Student Senator Representative for the School of Education," and also "appointed to the Board of Trustees' Academic Affairs Committee as the only Graduate Student Representative on campus." (*Id.*) Mr. Rivers and the University agreed that Mr. Rivers would hold both positions "from September 2018 until May 2019." (*Id.*) Mr. Rivers was required to attend all meetings for both positions, and the "meeting dates [were] communicated by email." (*Id.*)

The University disabled Mr. Rivers' email account on March 1, 2019, in retaliation for a lawsuit Mr. Rivers filed on February 4, 2019. (*Id.*) In doing so, the University "knowingly and intentionally" precluded Mr. Rivers from completing his work. (*Id.*) Further, by blocking Mr.

Rivers' email access, the University is "trying to erase and/or hid crucial evidence for the pending lawsuit." (*Id.*) Mr. Rivers was also unable to obtain online access to his classes despite having paid tuition for the 2019 Spring semester. (*Id.*)

Mr. Rivers requests "relief due to the negative actions of the [University]: 1) using unfair disciplinary actions, 2) the denial of ongoing growth and training, 3) and work termination/firing." (*Id.* at 6.)

## LEGAL STANDARD

The Court has a continuing duty to dismiss any case in which a party is proceeding in forma pauperis upon a determination that the case is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The standard of review under 28 U.S.C. § 1915(e)(2) mirrors that of Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000)). Thus, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). To avoid dismissal, a complaint must contain more than "naked assertion[s]," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-57. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When a plaintiff files a complaint without an attorney, the Court must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotation marks and citation omitted). Upon dismissal, self-represented plaintiffs proceeding in forma pauperis must be given leave to "to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984) (internal quotation marks and citation omitted).

United States District Court
Northern District of California

**DISCUSSION**

To state a claim for employment discrimination under Title VII, a plaintiff must show that (1) he is a member of a protected class, (2) he was performing his job in a satisfactory manner, (3) he suffered an adverse employment decision, and (4) he was treated differently than similarly situated persons outside his protected class. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973). Here, the complaint does not include any allegations from which it can be plausibly inferred that the University discriminated against Mr. Rivers in violation of Title VII. Mr. Rivers includes no factual allegations whatsoever regarding any incidents of discrimination on the basis of his sex or race; instead, Mr. Rivers simply checked boxes on the Employment Discrimination form complaint indicating that the University discriminated against him based on his "race or color" and "sex." (*See* Dkt. No. 1 at 2 ¶ 5.) As for the alleged retaliation in response to a lawsuit Mr. Rivers filed in February 2019, Mr. Rivers does not specify what the suit entailed or who it was against and therefore the Court cannot conclude that Mr. Rivers has plausibly alleged a Title VII retaliation claim.

Accordingly, the complaint fails Section 1915 review.

**CONCLUSION**

For the reasons set forth above, Mr. Rivers' complaint fails section 1915 review. Mr. Rivers may file an amended complaint within 30 days; the amended complaint must identify his claims and include a plain statement of facts in support. The Court encourages Mr. Rivers to seek free assistance from the Northern District's Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102. Mr. Rivers can make an appointment in person or by calling (415) 792-8982.

**IT IS SO ORDERED.**

Dated: November 8, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| KEITH RIVERS, Plaintiff, v. UNIVERSITY OF SAN FRANCISCO, Defendant. | Case No. 19-cv-06609-JSC<br><br>**CERTIFICATE OF SERVICE** |
|---|---|

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 8, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Keith Rivers
530 Reliant Way
American Canyon, CA 94503

Dated: November 8, 2019

Susan Y. Soong
Clerk, United States District Court

By:_____
Ada Means, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY

4