United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH RIVERS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNIVERSITY OF SAN FRANCISCO,<br><br>　　　　　Defendant. | Case No. 19-cv-06609-JSC<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

　　　　Keith Rivers, who is proceeding without counsel, brings this action against the University of San Francisco ("the University") for alleged employment discrimination pursuant to Title VII of the Civil Rights Act of 1964. (Dkt. No. 11). The University's motion for judgment on the pleadings is pending before the Court.[1] (Dkt. No. 19.) The Court's January 2020 scheduling order set a briefing and hearing schedule for the University's motion that required Plaintiff to submit his opposition by April 16, 2020 and set a hearing date of May 7, 2020. (Dkt. No. 18 at 1.) Plaintiff did not file an opposition.

　　　　On April 23, 2020, the Court issued an order to show cause ("OSC") to Plaintiff requiring him to respond by May 21, 2020 and explain why this action should not be dismissed for failure to prosecute. (Dkt. No. 24.) The OSC warned Plaintiff that failure to respond would result in dismissal for failure to prosecute. Plaintiff did not respond by the deadline or otherwise contact the Court.

**DISCUSSION**

　　　　Pursuant to Federal Rule of Civil Procedure 41(b), a court may dismiss an action for failure to prosecute or failure to comply with a court order. *See Hells Canyon Preservation*

---

[1] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 6 & 10.)

1  *Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may sua
2  sponte dismiss an action pursuant to Rule 41(b)). "A Rule 41(b) dismissal must be supported by a
3  showing of unreasonable delay." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010)
4  (internal quotation marks and citation omitted). In determining whether a Rule 41(b) dismissal is
5  appropriate, courts must weigh the following factors: "(1) the public's interest in expeditious
6  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
7  defendants; (4) the public policy favoring disposition of cases on their merits and (5) the
8  availability of less drastic sanctions." *Id.* (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423
9  (9th Cir. 1986)). Dismissal is appropriate "where at least four factors support dismissal . . . or
10 where at least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d
11 393, 399 (9th Cir. 1998) (internal quotation marks and citation omitted).

Here, four of the five *Henderson* factors weigh in favor of dismissal. The first two factors—the public interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to the "efficient administration of judicial business for the benefit of all litigants with cases pending." *See Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980). Plaintiffs has delayed adjudication of this action by failing to appear since filing the first amended complaint in November 2019, file an opposition to Defendant's motion for judgment on the pleadings, and respond to the undersigned's OSC. Noncompliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket." *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, the first two factors favor dismissal.

As for the third factor, while "the pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal," the delay caused by Plaintiff's failure to respond to Defendant's motion and the Court's OSC weighs in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999) (citing *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (noting that "[n]either delay nor prejudice can be viewed in isolation")). The fourth factor is the availability of less drastic sanctions. The Court's OSC cautioned Plaintiff that failure to respond may result in dismissal of this action. Thus, the Court has fulfilled its "obligation to warn the

plaintiff that dismissal is imminent."  *See Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992); *see also Ferdik*, 963 F.2d at 1262 ("A district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement.").  The last factor, which favors disposition on the merits, by definition, weighs against dismissal.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors disposition of cases on the merits.  Thus, this factor weighs against dismissal.").

In sum, four of the five relevant factors weigh in favor of dismissing this action in its entirety.  *See Pagtalunan*, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal).

## CONCLUSION

For the reasons stated above, pursuant to Federal Rule of Civil Procedure 41(b), the Court dismisses this action with prejudice for failure to prosecute.  The Court concludes that dismissal with prejudice is also warranted for the reasons stated in the unopposed motion for judgment on the pleadings.

The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: June 1, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge